**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KADEEM NOLAND, #Y47451,        )
                               )
              Plaintiff,       )
    vs.                        )        Case No. 23-cv-03192-SMY
                               )
SERGEANT JONES,                )
E. KEMPFER, and                )
ANTHONY WILLS,                 )
                               )
              Defendants.      )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kadeem Noland, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was a prisoner at Menard Correctional Center.  He claims Defendants allowed another inmate to attack and injure him, and seeks injunctive relief and monetary damages.  (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  While in Menard's

restricted housing unit on September 21, 2023,[1] Plaintiff asked Defendant C/O Kempfer for a "crisis" (Doc. 1, p. 6). Kempfer cuffed Plaintiff and escorted him to Mental Health. When they arrived, Plaintiff head-butted another inmate (Jordan) in the entryway. Kempfer placed Plaintiff in a Mental Health "one-on-one" room and cuffed him to a bench. Kempfer then left the room and let Jordan into the room. Jordan stabbed Plaintiff four times in the head, leaving four huge gashes. Plaintiff heard Defendant Sgt. Jones tell Jordan, "That's enough, you got your lick back." (Doc. 1, p. 6). Jones then took Plaintiff to the Medical unit.

Plaintiff was referred to Chester Hospital, where he received 11 staples to close three stab wounds (Doc. 1, p. 12). He was also treated for a swollen forehead from the head-butt. When Plaintiff was back in his cell, he discovered he had another open wound that the doctor had missed because of his dreadlocks. He was put back on sick call for that injury.

Kempfer issued Plaintiff an incident report for the head-butting (Doc. 1, p. 9). Kempfer falsely stated Plaintiff had a laceration to his forehead (not a swollen forehead) and failed to mention the stab wounds to Plaintiff's head (Doc. 1, pp. 12-13).

Plaintiff sues Defendant Warden Wills because he was responsible for protecting inmates at Menard (Doc. 1, p. 14). Plaintiff requests monetary damages and a transfer to another facility[2] (Doc. 1, p. 7).

 Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:    Eighth Amendment failure to protect claim against Kempfer, Jones, and Wills for allowing another inmate to stab Plaintiff on September

---

[1] Plaintiff misstated the date of the incident as "2-21-23" (Doc. 1, p. 6), but his documentation and later statements clarify the date was September 21, 2023 (Doc. 1, pp. 9, 12). Plaintiff filed this action on September 21, 2023 (Doc. 1, pp. 7-8).

[2] After filing the Complaint, Plaintiff notified the Court that he had been transferred to Pontiac, therefore, his request for a transfer from Menard has been rendered moot (Doc. 13). *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (injunctive relief request is moot unless plaintiff can show "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here").

21, 2023, after Kempfer handcuffed Plaintiff to a bench.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[3]

## Discussion

### Count 1

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).  To state a claim for failure to protect, a plaintiff must plead facts suggesting he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger.  *Id.*; *Pinkston*, 440 F.3d at 889.

Plaintiff's Complaint states a viable Eighth Amendment claim against Kempfer and Jones. Plaintiff sufficiently alleges that Kempfer allowed inmate Jordan into the room where he had just cuffed Plaintiff to a bench, after observing Plaintiff head-butting Jordan.  He also sufficiently alleges that Kempfer and Jones were aware that Jordan was "getting his lick back" against Plaintiff, but let the attack take place.

However, Plaintiff fails to state a claim against Wills based on his position as Menard Warden.  There is no supervisory liability in a § 1983 civil rights claim.  To be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).   Plaintiff does not allege that Wills was present or aware of

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

the other defendants' alleged conduct on the date of the assault.  Accordingly, Wills will be dismissed from this claim without prejudice.  Count 1 will proceed only against Kempfer and Jones.

### Disposition

The Complaint states colorable claims in Count 1 against Sergeant Jones[4] and E. Kempfer (#8616).  Anthony Wills is **DISMISSED** without prejudice.

The Clerk shall prepare for Sergeant Jones and E. Kempfer (#8616): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues**

---

[4] Plaintiff further identifies Sgt. Jones as the sergeant of Menard North 2 restricted housing unit, on Sept. 21, 2023 (Doc. 1, p. 1).

4

stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  May 9, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel

has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.